UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| AARON L. ECHTINAW, | ) | CASE NO. C09-0024-RSL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | RE: SOCIAL SECURITY DISABILITY |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) | APPEAL |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Plaintiff Aaron L. Echtinaw proceeds through counsel in his appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner denied plaintiff's application for Disability Supplemental Security Income (SSI) benefits after a hearing before an Administrative Law Judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, the Court recommends that this matter be REVERSED and REMANDED for an award of benefits.

/ / /

/ / /

/ / /

REPORT AND RECOMMENDATION
RE: SOCIAL SECURITY DISABILITY APPEAL
PAGE -1

## **FACTS AND PROCEDURAL HISTORY**

Plaintiff was born on XXXX, 1982.[1] He has a high school education, with participation in special education classes. He has no past relevant work. (AR 18.)

Plaintiff filed an application for SSI benefits in April 2003, alleging disability beginning August 21, 2002. (AR 74-77.) Plaintiff's application was denied at the initial level and on reconsideration. Plaintiff timely requested a hearing.

On August 16, 2006, ALJ M.J. Adams held a hearing, taking testimony from plaintiff, his mother Leslie Ann Echtinaw-Bustos, and a vocational expert. (AR 262-300.) On December 27, 2006, the ALJ issued a decision finding plaintiff not disabled. (AR 10-19.)

Plaintiff timely appealed. The Appeals Council denied plaintiff's request for review on June 27, 2007 (AR 4-6), making the ALJ's decision the final decision of the Commissioner. Plaintiff appealed this final decision of the Commissioner to this Court.

On January 28, 2008, the parties stipulated that the case be reversed and remanded for further administrative proceedings. (AR 316-17.) Consistent with this Court's remand order, the Appeals Council remanded the case to the ALJ with instructions to obtain updated medical information from any treating sources, obtain one or more consultative examinations as appropriate, make findings with accompanying rationale in accordance with the sequential evaluation process, provide rationale concerning the weight accorded to the medical opinions and assessments of record, address the credibility of the claimant's subjective complaints and any witnesses, and, as appropriate, obtain supplemental evidence from a vocational expert. (AR

---

[1] Plaintiff's date of birth is redacted back to the year of birth in accordance with Federal Rule of Civil Procedure 5.2(a) and the General Order of the Court regarding Public Access to Electronic Case Files, pursuant to the official policy on privacy adopted by the Judicial Conference of the United States.

319-22.)  On August 18, 2008, the ALJ held a second hearing, taking testimony from plaintiff and another vocational expert. (AR 357-81.)  On September 23, 2008, the ALJ issued a decision, finding plaintiff not disabled. (AR 304-13.)[2]  Plaintiff again appealed to this Court.

## JURISDICTION

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## DISCUSSION

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2000).  At step one, it must be determined whether the claimant is gainfully employed.  The ALJ found plaintiff had not engaged in substantial gainful activity since the alleged onset date.  At step two, it must be determined whether a claimant suffers from a severe impairment.  The ALJ found severe plaintiff's schizoaffective disorder versus schizophrenia of the paranoid type, in remission; possible attention deficit hyperactivity disorder (ADHD) by history; and anxiety disorder NOS.  Step three asks whether a claimant's impairments meet or equal a listed impairment.  The ALJ found that plaintiff's impairments did not meet or equal the criteria of a listed impairment.  If a claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity (RFC) and determine at step four whether the claimant has demonstrated an inability to perform past relevant work.  The ALJ found plaintiff to have no physical impairments and therefore to retain the RFC to perform very heavy work.  With respect to plaintiff's mental abilities, the ALJ found plaintiff able to function mentally at a level necessary

---

2  When a case is remanded by a federal court for further consideration, the decision of the ALJ is a final, appealable order, unless the Appeals Council assumes jurisdiction of the case.  20 C.F.R. § 416.1484(d).

to perform basic unskilled work, so long as he does not interact with the general public, and the ability to sustain minimal interaction with supervisors and co-workers, such as the interaction that might occur when being hired or when an unexpected issue arises. The ALJ found that plaintiff had no past relevant work, so the ALJ proceeded to step five of the sequential analysis. At step five, the burden shifts to the Commissioner to demonstrate that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy. With the assistance of a vocational expert, the ALJ found plaintiff capable of performing other jobs, such as cleaner II, janitor, or street sweeper. Therefore, the ALJ found the plaintiff to be not disabled.

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Plaintiff argues that the ALJ erred in failing to accord the proper weight to the opinions of the treating medical providers, failed to give consideration to the opinions of his non-physician clinical case manager, failed to adequately evaluate certain consultative medical evaluations, and failed to fully consider Asperger's Disorder as a diagnosis. He requests remand for an award of benefits, contending a remand for further administrative proceedings

would serve no purpose and would be unfair. The Commissioner argues that the ALJ's decision is supported by substantial evidence and should be affirmed. The Commissioner urges that, if this Court finds error, the proper remedy is to remand for further proceedings.

<u>Medical Opinions</u>

In general, more weight should be given to the opinion of a treating physician than to a non-treating physician, and more weight to the opinion of an examining physician than to a non-examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). Where not contradicted by another physician, a treating or examining physician's opinion may be rejected only for "'clear and convincing'" reasons. *Id*. (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991)). Where contradicted, a treating or examining physician's opinion may not be rejected without "'specific and legitimate reasons' supported by substantial evidence in the record for so doing." *Id*. at 830-31 (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). "The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician." *Id*. at 831 (citing *Pitzer v. Sullivan*, 908 F.2d 502, 506 n.4 (9th Cir. 1990) and *Gallant v. Heckler,* 753 F.2d 1450, 1456 (9th Cir. 1984)). However, "the report of a nonexamining, nontreating physician need not be discounted when it 'is not contradicted by *all other evidenc*e in the record.'" *Andrews v. Shalala*, 53 F.3d 1035, 1041(9th Cir.1995) (quoting *Magallanes*, 881 F.2d at 752 (emphasis in original)).

In this case, the Court finds the ALJ's assessment of medical opinions in the record defective in the following respects.

/ / /

A.  Dr. Paul W. Hageman

Plaintiff argues that the ALJ erroneously rejected the opinion of treating psychiatrist Dr. Hageman that he was not employable. Dr. Hageman opined that plaintiff "needs to apply for disability status, as I don't feel he is employable full-time at any occupation." (AR 223.) Dr. Hageman also stated: "I am concerned about his mood instability, the anxiety component as well as a thought disorder that could be worsening[.]" (*Id.*)

The ALJ assessed the weight to be given to Dr. Hageman's opinion as follows:

> In August of 2002, psychiatrist Paul Hageman opined that the [plaintiff] was not capable of full-time employment. However, as I noted in my previous decision, Dr. Hageman gave this opinion before the [plaintiff] became stabilized on medication. Several of Dr. Hageman's subsequent treatment notes document this improvement. In light of this documented improvement, I give Dr. Hageman's initial opinion little weight.

(AR 310; internal citations to record omitted.) The ALJ similarly assessed Dr. Hageman's opinion in the previous decision:

> As for the opinion evidence, psychiatrist Paul Hageman, M.D., opined in August of 2002 that the [plaintiff] is disabled. I note that Dr. Hageman examined the [plaintiff] on only one occasion prior to the [plaintiff's] stabilization on medications. I therefore give this opinion little weight.

(AR 17; internal citations to record omitted.)

Plaintiff argues that the ALJ's rejection of Dr. Hageman's opinion is unreasonable in that it overemphasizes his improvement and stability, while ignoring his ongoing psychiatric disability, including the fact that he continues to hear voices and to have "residual psychosis issues" (AR 179), and, therefore, failed to take the severity and/or disabling nature of these problems into account in assessing his disability. The Commissioner responds that it was

appropriate for the ALJ to give Dr. Hageman's opinion little weight because the doctor examined plaintiff only once before he became stable on medications. Following that, the Commissioner asserts, Dr. Hageman saw plaintiff only for "medication management" and did not note any complaints, mental status examination findings, or any other information.

Although the record allows an inference that plaintiff's mental status improved with medication after Dr. Hageman's first evaluation of plaintiff on August 21, 2002, (*see* AR 169 ("Pt remains stable on meds"), AR 179 ("Stable as before on meds—residual psychosis issues. Back on GAU. Likes present meds"), AR 189 ("Fairly stable on meds."), AR 197 ("Claims doing better & better. Minimal head voices but still there"), AR 209 ("Better mood & self control reported—less & less evil voice-accusation experience"), and AR 216 ("Tolerating meds OK. Little change so far perhaps less inner preoccupation with "evil thought-voice" issues.")), Dr. Hageman's observations as to improvement do not justify the ALJ's failure to give no more than little weight to this treating psychiatrist's opinion that plaintiff was not capable of full-time employment. The fact that the effects of a condition may be mitigated by medication does not equate with the conclusion that the condition is <u>controlled</u> to the extent that it is no longer disabling. *Cf. Warre v. Commissioner,* 439 F.3d 1001, 1006 (9th Cir. 2006) ("Impairments that can be controlled effectively with medication are not disabling for the purpose of determining eligibility for SSI benefits.")

B. <u>Cynthia Johnson, MHP, Terrie Wingate, Ph.D., and Edwin Hill, Ph.D.</u>

On remand, the ALJ discussed the opinions of record not addressed in the previous decision:

. . . [AR 150-155] is a DSHS evaluation completed by Cynthia Johnson, MHP, in 2003. Ms. Johnson opined marked cognitive limits, along with moderate and marked limits on social function. She further stated that she believed the [plaintiff] is unlikely to succeed in a work or school environment. [AR 247-255] is a DSHS evaluation completed by Terrie Wingate, Ph.D. in December of 2005. Dr. Wingate opined marked limits on judgment and marked to severe limits on social functioning; as mentioned above, the doctor noted that the [plaintiff's] SA-45 profile was significant for fear/phobia and social avoidance. In a June 2007 DSHS psychological evaluation, Edwin Hill, Ph.D. opined moderate cognitive limits and moderate to marked social limits. He added that the claimant would require significant support to make a gain in employability. The opinions of Dr. Wingate, Ms. Johnson, and Dr. Hill are inconsistent with the [plaintiff's] reported daily activities, and with the weight of the medical evidence, which shows the [plaintiff's] condition has improved and stabilized. Accordingly, I give these opinions little weight.

(AR 310-11; internal citations omitted.)

Plaintiff argues generally that the ALJ erred in failing to accord more weight to the opinions of his medical providers than to those of one-time consultative evaluators. The Commissioner disputes plaintiff's argument that the above discussion inadequately considered the opinions of his medical providers. The Commissioner notes that many of the interactions between plaintiff and his providers were not lengthy office visits, and avers that the records of these providers support the ALJ's conclusion that plaintiff was stable and improving on medication. Further, the Commissioner argues, it is not error to reject a brief, conclusory and unsupported conclusion that is inconsistent with the rest of the evidence. *Meanel v. Apfel*, 172 F.3d 1111, 1113-14 (9th Cir. 1999); *Young v. Heckler*, 803 F.2d 963, 968 (9th Cir. 1986).

Although it is not error *per se* for the ALJ to give more weight to the opinion of a one-time consultant than to a treating provider, specific and legitimate reasons must be given for doing so. *Nguyen v. Chater*, 100 F.3d 1462, 1468 (9th Cir. 1996). As with the ALJ's consideration of the opinion of Dr. Hageman, the ALJ's consideration of the opinions of

treating provider Dr. Johnson and the two DSHS examiners is inadequate. Although acknowledging the opinions of Ms. Johnson, Dr. Wingate and Dr. Hill as to the negative effect of plaintiff's marked and moderate limits in cognition and social functioning on his employability, the ALJ failed to explain what "reported daily activities" were inconsistent with these opinions, or to cite with specificity to any medical evidence that contradicted the opinions, other than the fact that his condition had "improved and stabilized." (AR 310-11.) As previously stated, the mere fact that improvement or stabilization has occurred does not inevitably lead to the conclusion that the individual is employable.

C.  David Deutsch M.D. and Christmas Covell, Ph.D.

Plaintiff also asserts error in the ALJ's evaluation of the opinions of Drs. David Deutsch and Christmas Covell. While plaintiff fails to demonstrate that the ALJ's evaluation of Dr. Deutsch's "Physician's Certification for Medicaid" was impermissibly conclusory, *see Crane v. Shalala*, 76 F.3d 251, 253 (9th Cir. 1995) (ALJ may reject check-off reports that did not contain any explanation of the bases of the conclusions of the evaluator), the ALJ's consideration of Dr. Covell's consultative report does not withstand scrutiny. The ALJ found:

> . . . [AR 339-348] is notes from a consultative exam performed by Christmas Covell, Ph.D. As mentioned above, Dr. Covell diagnosed the [plaintiff] with anxiety disorder NOS, and noted that the [plaintiff's] deficits in social skill and functioning are the most remarkable aspect of his presentation. He assessed a GAF of 35-41. He opined that the [plaintiff] can understand simple or complex instructions, persist in tasks, and make routine decisions. However, he opined moderate to marked limitations on the [plaintiff's] ability to follow through on any instructions, given his preoccupation with getting a task "right". In addition, he opined extreme limitations on the [plaintiff's] ability to interact with the public, supervisors, and co-workers. Dr. Covell's opinion is only partially consistent with the weight of the medical record, which, as mentioned several times above, shows the [plaintiff's] mental condition has improved and stabilized. He also based his opinion largely on the [plaintiff's] subjective

        self-report. Yet, as explained above, good reason exists for questioning the reliability of the [plaintiff's] subjective complaints. For these reasons, I give Dr. Covell's opinion some but not great weight.

(AR 311; internal citations omitted.)

Unless substantial evidence exists in the record to support a finding that the plaintiff is capable of work, the fact that his condition is improving and stabilized does not provide an adequate basis to disregard the provider's opinion. *Cf. Warre*, 439 F.3d at 1006. Nor was the ALJ's criticism that Dr. Covell's opinion was based largely on the plaintiff's subjective complaints well-founded, as the report indicates that Dr. Covell also conducted a medical records review and a seventy-five-minute clinical interview and mental status examination. (AR 339.) Indeed, Dr. Covell's report indicates an objective assessment of the reliability of plaintiff's examination responses. (*See* AR 340 ("Mr. Echtinaw presented his personal history in a generally organized fashion, though struggled to recall details and dates. He also appeared reticent to acknowledge the extent of his difficulties and struggled with providing detailed descriptions of these experiences. As such, his reliability as an historian is mildly questionable."); AR 342-43 ("Affect appeared expansive, and on occasion, mildly incongruent with the seriousness of the topic. This presentation appeared to be an effort on his part to appear comfortable or otherwise casual about his symptoms and difficulties, and to downplay their impact on his functioning."))

D. <u>Tobias Perry</u>

Plaintiff also argues that the ALJ failed to recognize Clinical Case Manager Tobias Perry as an "Other Source" treatment provider. *See* 20 C.F.R. § 404.1513(d) ("In addition to evidence from the acceptable medical sources listed in paragraph (a) of this section, we may

also use evidence from other sources to show the severity of your impairment(s) and how it affects your ability to work." ) "Other sources" may include medical sources such as nurse practitioners, physician's assistants, and therapists. *Id*. at 404.1513(d)(1). Plaintiff contends that the failure to consider this other source evidence constitutes reversible error. *See* Social Security Ruling (SSR) 06-03p ("With the growth of managed health care in recent years and the emphasis on containing medical costs, medical sources who are not 'acceptable medical sources', such as nurse practitioners, physician assistants, and licensed clinical social workers, have increasingly assumed a greater percentage of the treatment and evaluation functions previously handled primarily by physicians and psychologists. Opinions from these medical sources, who are not technically deemed 'acceptable medical sources' under our rules, are important and should be evaluated on key issues such as impairment severity and functional effects, along with the other relevant evidence in the file.")

Plaintiff correctly notes that the ALJ's decision makes no mention of Mr. Perry. The Commissioner does not address this argument. An ALJ must give specific reasons for rejecting lay testimony. *See Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1984). The omission with respect to Mr. Perry, therefore, constitutes error.

### Asperger's Disorder

Plaintiff contends that certain symptoms and findings in his medical records are indicative of Asperger's Disorder. *See* 20 C.F.R., Appx. 1 to Subpart P of Part 404, "Listing of Impairments," 12.10 "Autistic disorder and other pervasive development disorders" ("Characterized by qualitative deficits in the development of reciprocal social interaction, in the development of verbal and nonverbal communication skills, and in imaginative activity.

Often, there is a markedly restricted repertoire of activities and interests, which frequently are stereotyped and repetitive.") He notes the ALJ's duty to develop the record. *See*, *e.g.*, *Brown v. Heckler*, 713 F.2d 441, 443 (9th Cir. 1983) ("In Social Security cases the ALJ has a special duty to fully and fairly develop the record and to assure that the claimant's interests are considered.") (citing *Thompson v. Schweiker,* 665 F.2d 936, 941 (9th Cir. 1982)).

The Commissioner disagrees, contending that, notwithstanding plaintiff's assessment of the evidence, a diagnosis of Asperger's Disorder does not appear in the record. Further, the Commissioner argues, the ALJ properly weighed and considered the evidence cited by plaintiff, and included it, where appropriate, in assessing plaintiff's RFC.

As the Commissioner points out, none of the medical experts, treating or non-treating, diagnosed plaintiff as having Asperger's Disorder. Moreover, the ALJ specified that plaintiff should have no interaction with the general public and minimal interaction with supervisors and co-workers, "such as the interaction that might occur when being hired or when an unexpected issue arises." (AR 308.) When an ALJ considers limitations posed by a particular impairment at step four, any error in neglecting to list the impairment at step two is harmless. *Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007). *See also Stout v. Commissioner, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006) (recognizing application of harmless error in Social Security context where a "mistake was nonprejudicial to the claimant or irrelevant to the ALJ's ultimate disability conclusion.") Accordingly, plaintiff does not demonstrate error in relation to Asperger's Disorder.

## Relief

The Court has discretion to remand for further proceedings or to award benefits. *See*

*Marcia v. Sullivan*, 900 F.2d 172, 176 (9th Cir. 1990). The Court may direct an award of benefits where "the record has been fully developed and further administrative proceedings would serve no useful purpose." *McCartey v. Massanari,* 298 F.3d 1072, 1076 (9th Cir. 2002).

> Such a circumstance arises when: (1) the ALJ has failed to provide legally sufficient reasons for rejecting the claimant's evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled if he considered the claimant's evidence.

*Id.* at 1076-77.

With regard to the failure to properly discuss competent lay testimony, the error cannot be considered harmless unless it can confidently be concluded that no reasonable ALJ would have reached a different disability determination upon fully crediting the testimony. *See Stout*, 454 F.3d at 1056. Similarly, "[w]here the Commissioner fails to provide adequate reasons for rejecting the opinion of a treating or examining physician, [the Court credits] that opinion as 'a matter of law.'" *Lester*, 81 F.3d at 830-34 (finding that, if doctors' opinions and plaintiff's testimony were credited as true, plaintiff's condition met a listing) (quoting *Hammock v. Bowen*, 879 F.2d 498, 502 (9th Cir. 1989)). Crediting an opinion as a matter of law is appropriate when, taking that opinion as true, the evidence supports a finding of disability. *See*, *e.g.*, *Schneider v. Commissioner of Social Sec. Admin.*, 223 F.3d 968, 976 (9th Cir. 2000) ("When the lay evidence that the ALJ rejected is given the effect required by the federal regulations, it becomes clear that the severity of [plaintiff's] functional limitations is sufficient to meet or equal [a listing.]"); *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996) (ALJ's reasoning for rejecting subjective symptom testimony, physicians' opinions, and lay testimony

legally insufficient; finding record fully developed and disability finding clearly required).

Courts retain flexibility in applying this "'crediting as true' theory." *Connett v. Barnhart*, 340 F.3d 871, 876 (9th Cir. 2003) (remanding for further determinations where there were insufficient findings as to whether plaintiff's testimony should be credited as true). As stated by one district court: "In some cases, automatic reversal would bestow a benefits windfall upon an undeserving, able claimant." *Barbato v. Commissioner of SSA*, 923 F. Supp. 1273, 1278 (C.D. Cal. 1996) (remanding for further proceedings where the ALJ made a good faith error, in that some of his stated reasons for rejecting a physician's opinion were legally insufficient).

In this case, Dr. Hageman opined that plaintiff was not employable full time at any occupation. (AR 223.) Ms. Johnson and Mr. Perry wrote that plaintiff was "unlikely … to succeed in a work or school environment." (AR 153.) Dr. Wingate found the prognosis for plaintiff's ability to work in a regular and predictable manner to be "poor". (AR 250.) Therefore, taking as true the opinion evidence from Dr. Hageman, Ms. Johnson, Dr. Wingate and Mr. Perry, the evidence supports a finding of disability.

There being no remaining issues to be resolved before a determination of disability can be made, and it appearing from the record that the ALJ would be required to find the plaintiff disabled if the medical and other source evidence described above were considered, it appears that a remand for a third hearing would serve no useful purpose. Therefore, the undersigned recommends that this matter be remanded for an award of benefits.

/ / /

/ / /

/ / /

## CONCLUSION

For the reasons set forth above, this matter should be REVERSED and REMANDED for an award of benefits.

DATED this 10th day of September, 2009.

Mary Alice Theiler
United States Magistrate Judge

REPORT AND RECOMMENDATION
RE: SOCIAL SECURITY DISABILITY APPEAL
PAGE -15