UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| AARON L. ECHTINAW, | ) | CASE NO. C09-0024-RSL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Having prevailed in his appeal of a decision by the Commissioner of the Social Security Administration, plaintiff moves for an award of attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. (Dkt. 17.) Plaintiff requests $7,282.03 in attorney's fees. The Commissioner objects to plaintiff's request for an award of attorney's fees and alternatively argues that the number of hours requested is excessive and that the hourly rates are unreasonable. (Dkt. 19.)

Having considered the materials submitted in support of and in opposition to plaintiff's motion, the Court recommends that plaintiff's motion (Dkt. 17) be GRANTED in part and DENIED in part and that plaintiff be awarded $6,793.01 in attorney's fees.

## BACKGROUND AND DISCUSSION

Plaintiff filed a claim for Supplemental Security Income (SSI) in April 2003. Following a hearing, an Administrative Law Judge (ALJ) found plaintiff not disabled. Plaintiff appealed the decision to the Appeals Council, which denied plaintiff's request for review. Following an appeal to this Court, the parties stipulated that the case be reversed and remanded for further administrative proceedings, and the Appeals Council remanded the case to the ALJ. The ALJ held a second hearing and thereafter again found plaintiff not disabled.

Plaintiff filed a second civil action in this Court for review of the Commissioner's final decision. The Court issued a Report and Recommendation that recommended remanding the matter for an award of benefits. (Dkt. 14.) The Court found that the ALJ erred in his consideration of medical opinions and failure to address lay testimony, but rejected an argument that the ALJ failed to fully consider a particular diagnosis. The Court concluded that, crediting the opinions and lay testimony as true, plaintiff should be awarded benefits. The Honorable Robert S. Lasnik adopted the Report and Recommendation without objection. (Dkt. 15.)

Plaintiff asserts that the Commissioner's position in opposing his claim was not substantially justified and that, as the prevailing party, he is entitled to an award of attorney's fees. He seeks attorney's fees for a total of 40.1 attorney hours and requests that the fees be calculated at varying monthly rates, ranging from $180.54 per hour to $182.57 per hour for work performed between January and October 2009. (Dkt. 17 at 5.)

The Commissioner opposes both plaintiff's entitlement to fees and the number of hours and rates requested. He requests, if the Court concludes that his position was not substantially

justified, that plaintiff's total billable hours be reduced by at least 9.3 hours, to 30.8 hours total, and that plaintiff be held to an hourly rate of $172.85.

A.   Government's Position

Under the EAJA, the Court awards fees and expenses to a prevailing party in a suit against the government unless it concludes that the position of the government was "substantially justified[.]"  28 U.S.C. § 2412(d)(1)(A).  The Commissioner's position is deemed substantially justified if it meets the traditional standard of reasonableness, meaning it is "justified in substance or in the main, or to a degree that could satisfy a reasonable person." *Lewis v. Barnhart*, 281 F.3d 1081, 1083 (9th Cir. 2002) (quoted sources and internal quotation marks omitted).  While the government's position need not be correct, it must have "'reasonable basis in law and fact.'"  *Id.* (citing *Pierce v. Underwood*, 487 U.S. 552, 566 n.2 (1988)).  "'The government bears the burden of demonstrating substantial justification.'" *Thangaraja v. Gonzales*, 428 F.3d 870, 874 (9th Cir. 2005) (quoting *Gonzales v. Free Speech Coalition*, 408 F.3d 613, 618 (9th Cir. 2005)).

In arguing substantial justification of the government's position, the Commissioner focuses on the ALJ's assessment of the medical opinions in this matter.  The Commissioner points to evidence that plaintiff's condition had improved and stabilized on medication and maintains that his position was substantially justified in that it had a reasonable basis in both law and fact.  *See Warre v. Commissioner*, 439 F.3d 1001, 1006 (9th Cir. 2006) ("Impairments that can be controlled effectively with medication are not disabling for the purpose of determining eligibility for SSI benefits.") and (Dkt. 14 at 7 (the Report and Recommendation acknowledged that the record "allows an inference that plaintiff's mental status improved with

medication").)

However, the Commissioner does not address the Court's conclusion that the ALJ erred in failing to address evidence from a treating Clinical Case Manager. (Dkt. 14 at 11-12.) As noted in the Report and Recommendation, an ALJ must provide specific reasons for rejecting such lay testimony. (*Id.* (citing 20 C.F.R. § 404.1513(d); Social Security Ruling 06-03p; and *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1984)). *See also Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001) ("[L]ay testimony as to a claimant's symptoms is competent evidence that an ALJ must take into account, unless he or she expressly determines to disregard such testimony and gives reasons germane to each witness for doing so.") "[W]here the ALJ's error lies in a failure to properly discuss competent lay testimony favorable to the claimant, a reviewing court cannot consider the error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination." *Stout v. Commissioner, Soc. Sec. Admin.*, 454 F.3d 1050, 1056 (9th Cir. 2006).

In this case, the ALJ did not mention the lay testimony and the Commissioner did not respond to plaintiff's argument regarding that testimony. Likewise, the Commissioner herein does not argue his opposition to plaintiff's civil action was substantially justified despite the ALJ's failure to address the lay testimony. Accordingly, the Court concludes that the government has not met its burden of demonstrating substantial justification. The Court, therefore, finds no basis for the Commissioner's opposition to plaintiff's request for an award of EAJA fees.

B.  <u>Attorney Hours</u>

The Court may award EAJA fees for attorney hours reasonably expended by plaintiff's

counsel. 28 U.S.C. § 2412(d)(2)(A). "[E]xcessive, redundant, or otherwise unnecessary" hours should be excluded from the fee award. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). The Court must provide a "concise but clear explanation" of its reasons for a fee award. *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992).

The Commissioner takes issue with attorney hours billed for this disability matter. He posits that 0.75 hours should have been adequate to prepare and file the one-page summons, boilerplate complaint, and IFP in this motion, as opposed to the 1.5 hours requested. (*See* Dkt. 17, Ex. B.) He notes that plaintiff's counsel claimed 4.7 hours on legal research despite the fact that this case involved routine issues. (*Id.*) He asserts that plaintiff unreasonably seeks fees for an argument that he should be found disabled based on a disorder for which he was never diagnosed (Asperger's Disorder). The Commissioner also avers that the Court should subtract 1.1 hours plaintiff's counsel billed for time spent meeting with, writing letters to, and calling his client, noting that the time entries do not indicate what legal work was done or why the time is being billed to the Commissioner. (*Id.*) Lastly, the Commissioner notes that plaintiff's counsel bills for items that combine both legal and clerical work, such as 2.0 hours spent editing, filing, and serving a brief, while the latter two tasks are clerical or administrative in nature. (*Id.*)

The Commissioner maintains that 40.1 hours for the prosecution of this relatively simple and routine case is excessive and unreasonable. *Cf. Patterson v. Apfel*, 99 F. Supp. 2d 1212, 1213-15 (C.D. Cal. 2000) (finding 37.25 hours reasonable in a Social Security case deemed "not routine" and wherein the parties appeared for an oral argument and the total number of hours included the litigation of the EAJA petition). He points to cases from

different courts as providing guidance as to reasonable fee requests. *See*, *e.g.*, *Penrod v. Apfel*, 54 F. Supp. 2d 961, 964 (D. Ariz. 1999) (finding 28.8 hours a reasonable expenditure of time in a Social Security disability case); *Silva v. Bowen*, 658 F. Supp. 72, 73 (E.D. Pa. 1987) (reducing 54 claimed hours to 29 in a Social Security disability case that "was not particularly complex, and did not raise novel issues.") The Commissioner requests that, in this case, the Court reduce the fee request by 9.3 hours, for a total of 30.8 hours.

There is no hard-and-fast cap on attorney fee awards that should be applied regardless of the circumstances. *See*, *e.g.*, *Patterson*, 99 F. Supp. 2d at 1214 n.2 (collecting cases involving reasonable EAJA fee awards between 20 and 54.5 hours); *Gibson-Jones v. Apfel*, 995 F. Supp. 825, 827 (N.D. Ill. 1998) (awarding attorney's fees for 65.75 hours of district court litigation). This Court has previously approved attorney fee awards in Social Security cases for work exceeding that requested by plaintiff in this case. *See*, *e.g.*, *Vessel v. Astrue*, C08-0949-RSL, Report and Recommendation (Sept. 19, 2009) (recommending a reduced fee award for 53.8 hours, which included 48.5 hours for the underlying litigation and 5.3 hours for the EAJA fee application), *adopted without objections* by Order on Plaintiff's Motion for EAJA Fees (Oct. 20, 2009); *Burleson v. Astrue*, C07-2019RSL, Report and Recommendation (Jan. 13, 2009) (recommending a reduced fee award for 49.3 hours, which included 43.9 hours for the underlying litigation and 5.4 hours for the EAJA fee application), *adopted without objections* by Order on Plaintiff's Motion for EAJA Fees (Feb. 9, 2009); *Riley v. Barnhart*, C04-168JLR, Report and Recommendation (Mar. 8, 2005) (recommending a reduced fee award for 49.2 hours, which included 45.2 hours for the underlying litigation and 4 hours for the EAJA fee application), *adopted without objections* by Order on Plaintiff's Motion for EAJA Fees (Mar.

28, 2005).

In this case, plaintiff's counsel did not expend an unreasonable amount of time on any particular task. Counsel provided useful, relevant, and detailed discussions of the facts, authority, and administrative record. Although the Court did not agree with all of plaintiff's arguments, none were frivolous or advanced in bad faith. Plaintiff is entitled to the attorney's fees incurred for the work performed in pursuit of the ultimate result, including efforts expended on unsuccessful issues. *See Hensley*, 461 U.S. at 435 ("Litigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee. The result is what matters.")

Nor does the Commissioner demonstrate improper billing as a general matter. "[P]laintiff's counsel 'is not required to record in great detail how each minute of his time was expended.'" *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1121 (9th Cir. 2000) (quoting *Hensley*, 461 U.S. at 437 n. 12). "Instead, plaintiff's counsel can meet his burden - although just barely - by simply listing his hours and 'identifying the general subject matter of his time expenditures.'" *Id*. (finding denial of fee application an abuse of discretion where the fee request included summaries of tasks such as "pleadings and pretrial motions") (quoting *Davis v. City of San Francisco*, 976 F.2d 1536, 1542 (9th Cir. 1992) (quoting *Hensley*, 461 U.S. at 437 n. 12)). Here, plaintiff met this "basic requirement." *Id*.

The Court does, however, recommend one adjustment in the hours as identified by the Commissioner. "[P]urely clerical work or secretarial tasks should not be billed at a paralegal or lawyer's rate, regardless of who performs them." *Missouri v. Jenkins*, 491 U.S. 274, 288 n. 10 (1989). In this case, plaintiff's counsel included time spent on the clerical tasks of filing

and serving various documents in this matter. (*See* Dkt. 17, Ex. B.) "[T]he Court should reduce the hours requested to account for the[se] billing errors." *Nadarajah v. Holder*, 569 F.3d 906, 921 (9th Cir. 2009) (reducing hours for time spent on the clerical tasks of filing, transcript, and document organization). The precise amount of time spent on these tasks is not clear given that plaintiff's counsel grouped the clerical tasks with other, non-clerical work. (Dkt. 17, Ex. B (1.0 hours for preparing and filing complaint, in forma pauperis motion, written consent and declaration; 0.8 hours for preparing and serving summons and complaint; 2.0 hours for editing, filing, and serving opening brief; 1.7 hours for preparing, filing, and serving EAJA application, memorandum, and exhibits).) The Court, therefore, recommends that the hours be reduced by 0.2 hours for each time entry at issue, for a total reduction of 0.8 hours.

In sum, the Commissioner does not support his contention that plaintiff's counsel spent an unreasonable amount of time on this matter, but the Court does find improper the inclusion of purely clerical matters in the billing. Accordingly, the Court recommends that the attorney fee award should be reduced by 0.8 hours, leaving a total of 39.3 hours.

C.  Hourly Rate

The EAJA includes a statutory maximum hourly rate of $125.00 per hour "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A); *Thangaraja*, 428 F.3d at 876; *Sorenson v. Mink*, 239 F.3d 1140, 1148 (9th Cir. 2001). To adjust the EAJA fee cap for increases in the cost of living, courts in the Ninth Circuit multiply $125.00 by the appropriate consumer price index for urban consumers ("CPI-U") for the year in which the fees were incurred, then divide by the CPI-U for the month

in which the cap was imposed (March 1996). *Thangaraja*, 428 F.3d at 876-77; *Sorenson*, 239 F.3d at 1148.

Utilizing monthly changes in the consumer price index for 2009, plaintiff seeks attorney's fees at rates ranging from $180.54 per hour to $182.57 per hour for work performed between January and October of this year. (Dkt. 17 at 5.) The Commissioner objects to a rate exceeding that of the 2008 hourly rate of $172.85, *see* http://www.ca9.uscourts.gov/content/view.php?pk_id =0000000039, given the absence of a cost of living increase this year (*see* Dkt. 19, Attach. 1 (October 15, 2009 Social Security Administration news release stating that, because there was no increase in the consumer price index, there would be no cost-of-living adjustment in social security benefits)). He maintains plaintiff should not get the benefit of 2009 monthly spikes in the cost of living without agreement by the Ninth Circuit Court of Appeals.

The website for the Ninth Circuit provides an adjusted hourly rate for EAJA cases in the year 2008 of $172.85, but does not yet reflect a rate for 2009. *See* http://www.ca9.uscourts.gov/content/view.php? pk_id=0000000039. Documentation submitted by the Commissioner reflects the absence of an increase in the consumer price index from the third quarter of 2008 to the third quarter of 2009. (Dkt. 19, Attach 1.) Plaintiff did not submit a reply in support of her motion and, therefore, did not respond to this or any other argument raised by the Commissioner. With the evidence now before the Court, the undersigned recommends that, as argued by the Commissioner, plaintiff's counsel be held to the 2008 rate of $172.85 per hour for work performed in this case.

/ / /

## CONCLUSION

Consistent with the discussion above, the Court recommends that plaintiff's motion be GRANTED in part and DENIED in part. It is recommended that the attorney hours claimed by plaintiff be reduced by a total of 0.8 hours. After this reduction, plaintiff would be allowed a total of 39.3 hours for attorney time in this matter (37.8 hours for the underlying litigation and 1.5 hours for the EAJA fee application) at an hourly rate of $172.85. The total recommended award for attorney's fees would be $6,793.01. A proposed Order accompanies this Report and Recommendation.

DATED this 9th day of December, 2009.

_____
Mary Alice Theiler
United States Magistrate Judge